DEMAJ V. SAKAJ, 09 CV 255 (JGM)

ELECTRONIC RULING ON PETITIONER'S OBJECTION TO TESTIMONY OF DR. DAVID MANTELL (Dkt. #83)

2/15/12 – On March 26, 2009, Respondent filed her motion seeking, inter alia, psychological evaluation of the parties' three minor children, which motion was granted the next day by the late Senior U.S. District Judge Peter C. Dorsey. (Dkts. ##13-16). The Guardian Ad Litem, Attorney Jennifer Davis, selected Dr. David Mantell to perform the examination; Petitioner participated and was included in the evaluation, and Dr. Mantell issued his report on March 22, 2010 ["Mantell March 2010 Report"], as well as a supplemental report at Respondent's request on July 27, 2010, as to which Petitioner objected. (See, e.g., Dkts. ##23, 28, 32). On December 22, 2010, Petitioner filed a Motion to Fund Expert Deposition at Court Expense (Dkt. #29, to which Respondent did not object, which was granted by Judge Dorsey on January 2, 2011 (Dkt. #30; see also Dkts. ##35,46); Dr. Mantell was deposed on March 8, 2011. (See Dkt. #35, at 1).

On January 27, 2012, Respondent filed her Motion In Limine to Exclude Testimony of Late-Disclosed Expert (Dkt. #67), namely Dr. Benjamin Garber, who was preparing a report critical of Dr. Mantell's methodology and conclusions; Dr. Garber's report was finalized on February 1, 2012 ["Garber Report"].[1] The briefing for that motion is not complete yet. (See Dkt. #72, at 3).

The trial is scheduled to commence on February 16, 2012, with the testimony of Dr. Mantell, continue in Chambers on February 17, 2012, with the testimony of Adelaide Demaj, and then resume on March 27, 2012. (Id. at 4; see also Dkt. #57).

On February 13, 2012, Petitioner filed the pending Objection to the Testimony of Dr. David Mantell, in which he seeks to exclude all testimony by Dr. Mantell, or in the alternative, to preclude Dr. Mantell from testifying concerning Dr. Garber's report and any late disclosed exhibits from Respondent. (Dkt. #83, at 1, 7-8). Petitioner objects to "unauthorized, unilateral, substantive conversations" Dr. Mantell had with the Guardian Ad Litem. (Id. at 1, 4-8 & Exhs. B-E).

The next day, on February 14, 2012, Respondent filed her Reply. (Dkt. #87).

There is no basis to Petitioner's objection, for a number of reasons. First, Dr. Mantell issued his report on March 22, 2010, nearly two years ago, and was deposed on March 8, 2011, almost one year ago. At Petitioner's request, on July 27, 2010, Dr. Mantell prepared a supplemental report, to which Respondent objected. Petitioner had more than ample time in which to lodge his concerns about Dr. Mantell's methodology and report, and obviously did lodge some concerns prior to July 27, 2010, instead of belatedly raising this broad-based issue literally on the eve of trial. Second, contrary to Respondent's arguments, Petitioner did participate in and was in included in Dr. Mantell's evaluation (see Dkt. #28), so he is hard pressed to object to his appointment at this time. Third, Dr. Mantell was appointed by the

---

[1]This report is found as Dkt. #83, Exh. A.

Court and it was Petitioner's retention of Dr. Garber, in early 2012, that shifted the landscape so that Dr. Mantell is now perceived to be on Respondent's side. To the extent that Dr. Mantell needs to submit additional exhibits at trial to substantiate his methodologies and conclusion from attack by Dr. Garber, that is directly the result of Petitioner's activities, and not those of Respondent or the Guardian <u>Ad Litem</u>.  And last, Attorney Davis, as a court-appointed Guardian <u>Ad Litem</u>, is the only person in a position to have discussions with Dr. Mantell, particularly with respect to scheduling matters.  Otherwise, that responsibility would fall on the Court, which it lacks time to do so, particularly given the warp speed at which this file has progressed since referral to this Magistrate Judge just one month ago.  (Dkt. #52).

      Accordingly, for the reasons stated above, Petitioner's Objection to the Testimony of Dr. David Mantell (Dkt. #83) is <u>overruled.</u>