IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X
:
ESHEREF DEMAJ,                  :            3:09 CV 255 (JGM)
Petitioner                      :
:
V.                              :
:
FRIDA SAKAJ,                    :            DATE: MARCH 21, 2012
Respondent                      :
:
----------------------------------------------------------X

RULING ON PENDING MOTIONS

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Petitioner's Motion to Compel, filed February 14, 2012 (Dkt. #85)["February 14th Ruling"], and in the Electronic Ruling on Petitioner's Objection to Testimony of Dr. David Mantell, filed February 15, 2012 (Dkt. #89), familiarity with which is presumed.

On February 11, 2009, Petitioner, Esheref Demaj, commenced this action pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 [the "Hague Convention"], and the International Child Abduction Remedies Act ["ICARA"], petitioning this Court for the immediate return of his three minor children to Italy, and for an immediate issuance of a show cause order to Respondent, Frida Sakaj, who Petitioner claims illegally and wrongfully removed the minor children from Italy on or about September 7, 2007, in violation of Petitioner's custodial rights under Italian law. (Dkt. #1).  On March 26, 2009, Respondent filed her answer. (Dkts. ##12, 17).  After referral of this case to this Magistrate Judge on January 10, 2012 (Dkt. #52), and upon the death of Senior U.S. District Judge Peter C. Dorsey shortly thereafter, the parties consented to trial before this Magistrate Judge one month later, on February 9, 2012 (Dkt. #80).  The first two days of trial were held on February 16-17, 2012, and the bench trial will resume starting on

March 27, 2012.  (Dkts. ##56, 69, 72, 77, 79, 81, 90-91. 93-94, 96, 99, 101; see also Dkt. #73).

Two pending motions will be addressed in this ruling.  First, on February 23, 2012, Respondent filed her Request for Reconsideration (Dkt. #102; see also Dkts. ##100, 103-05), as to which Petitioner filed his brief in opposition on March 5, 2012(Dkt. #112).  And second, on March 2, 2012, Respondent filed her Motion to Exclude Certain [of] Petitioner's Exhibits (Dkt. #106), as to which Petitioner filed his brief in opposition on March 12, 2012 (Dkt. #113).[1]

For the reasons stated below, Respondent's Motion for Reconsideration of the Court's Decision on Petitioner's Oral Motion to Compel (Dkt. #102) is granted such that Petitioner's Motion to Reconsider the underlying February 14th Ruling is denied, and Respondent's Motion to Exclude Certain Petitioner's Exhibits (Dkt. #106) is denied.

## I. DISCUSSION

### A. RESPONDENT'S REQUEST FOR RECONSIDERATION

Familiarity is presumed with Petitioner's underlying Motion to Compel Production of Documents (Dkts. ##61-63), Respondent's response (Dkt. #66), Petitioner's reply brief (Dkt. #70), and the February 14th Ruling, in which Petitioner's Motion was granted in part such that Respondent was ordered to produce copies of the current visas held by Respondent and the children (Request Nos. 1 and 3)(February 14th Ruling, at 9-10), and denied as to Petitioner's request for all documents and correspondence, including, but not limited to applications, affidavits and all supporting documents submitted to the Department of Homeland Security or any other Federal or State agency or officials related to their

---

[1] An additional pending motion is Respondent's Motion In Limine to Exclude Testimony of Late-Disclosed Expert, filed January 27, 2012 (Dkt. #67), as to which Petitioner filed his brief in opposition on March 12, 2012 (Dkt. #114).  This motion will be addressed in a future ruling.

immigration status or the change therein, and any documents or correspondence between Respondent and the Department of Homeland Security or any other Federal or State agency or officials (Request Nos. 4 and 5)(Id. at 5-6, 10-12).

On February 17, 2012, at the conclusion of the second day of trial before this Magistrate Judge on which date the minor child A.D. testified, Petitioner's counsel made an oral motion to renew his Motion to Compel addressed in the February 14th Ruling, on grounds that A.D.'s testimony revealed that no crime had been committed by Petitioner in the United States, and thus there were no grounds for the issuance of the U-Visas. (Dkt. #101, at 85-88). In response, Respondent asserted that there was in fact a crime committed and Respondent presented proof of that crime in the United States and it was on that basis that the U-Visa issued (id. at 91-92); Respondent, however, then agreed to produce the U-Visa application and all of the underlying submissions. (Id. at 96-104). Accordingly, Petitioner's Oral Motion to Compel was granted, with consent of Respondent. (Dkt. #99).

On February 23, 2012, Respondent filed the pending Motion for Reconsideration of Decision on Petitioner's Oral Motion to Compel (Dkts. ##100, 102; see Dkts. ##103-104),[2] in which, despite the colloquy on the record on February 17, 2012, she asserts that she "does not abandon her earlier objection to the Motion to Compel[,]" protection of the visa application materials violates public policy, and the agreement of Respondent's counsel to produce the visa application documents was made without authority and in error. (Dkt. #100, at 2-3). Accordingly, Respondent requests that this Court reconsider "the decision to grant the oral motion, and deny the motion, consistent with the Court's earlier decision [in the February 14th Ruling]." (Dkt. #102, at 1).

---

[2] The full Motion and the accompanying Exh. A, which contains excerpts from the Psychological Report, dated March 22, 2010, are sealed. (Dkts. ##100, 103-04).

3

In his brief in opposition, Petitioner asserts that the testimony of the minor child, A.D., bore out that Petitioner did not commit a criminal act in the United States, but rather, Respondent, when presented "with the opportunity to manufacture the existence of a [crime] in the United States, [based on minor child's K.D.'s reaction to Petitioner's words]," Respondent "capitalized [on this opportunity] despite the fact that [Petitioner] did not actually threaten anyone, per the testimony of his oldest child who was standing right there!" (Dkt. #112, at 5). Petitioner also contends that the disclosure of the U-Visa application will not increase the possibility that the victim will be harmed, and Respondent's complete application is necessary for impeachment and cross-examination purposes, and "potentially to exonerate an innocent man" by establishing that Respondent obtained her U-Visa through fraud. (Id. at 5-7).

As stated above, on February 17, 2012, Petitioner's Renewed Motion to Compel was only granted upon consent of Respondent. Absent such consent, for the detailed reasons stated in this Court's 13-page February 14th Ruling, Respondent's Motion for Reconsideration of the Court's Decision on Petitioner's Oral Motion to Compel (Dkt. #102) is granted such that Petitioner's Motion to Reconsider the underlying February 14th Ruling is denied.

### B. RESPONDENT'S MOTION TO EXCLUDE CERTAIN [OF] PETITIONER'S EXHIBITS

In this motion (Dkt. #106), Respondent seeks to exclude twelve exhibits listed in Petitioner's Pre-Hearing Memorandum of Law, filed February 8, 2012 (Dkt. #79, at 9-19), specifically Exhs. 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 33 and 34. Respondent objects to Exhs. 21, 22 and 23, the three children's medical records, because no English translations were provided, which renders them "of no use to the Court and . . . the other parties." (Dkt. #106, Brief, at 1-2). The other nine exhibits, namely Exhs. 26, 27, 28, 29, 30, 31, 32, 33

and 34, are declarations, all dated in May or June 2008 or are undated, from individuals located in Italy, translated in English.  Respondent objects, inter alia, because no translator's certificate was given and they are not under oath or witnessed.  (Id.).  Respondent further argues that these statements lack any indicia of reliability, are not admissible as character evidence because they are being "presented in a vacuum with no way to test [their] reliability[,]" and even bearing in mind the "somewhat relaxed" evidentiary standards under Convention and ICARA actions, they fail to comply with FED. R. EVID. 405 because there was "no opportunity for cross-examination."  (Id., Brief, at 2-4).

In his brief in opposition, Petitioner argues that Respondent's objections are untimely (Dkt. #113, at 1-2) in that the deadline for objecting to exhibits was February 8, 2012, as set forth in the Amended Memorandum of Telephonic Status Conference, filed February 2, 2012.  (Dkt. #72, at 2).  As Petitioner appropriately points out (id. at 2), Petitioner's Pre-Hearing Memorandum of Law, filed February 8, 2012, expressly reflects the admissibility of these documents.  (Dkt #79, at 11-12).  However, while some of the medical records are understandable even in the absence of a translation (such as the listing of medications and height/weight charts), it obviously would be helpful to the Court and counsel to have English translations as well.

As to Exhs. 26-34, Respondent's only objection was "Hearsay, Rule 801[,]" as to which Petitioner contends that the declarations are admissible as statements regarding Petitioner's character and reputation admissible under FED. R. EVID. 803(21). (Dkt. #79, at 12-13).  Respondent has mentioned in passing FED. R. EVID. 405(a) (Dkt. #106, at 3), which requires such evidence to be presented through testimony, not exhibits.  See Weatherly v. Alabama State Univ., No. 2:10 CV 192-WHA, 2012 WL 274754, at *8 (M.D. Ala. Jan, 31,

2012). While the Federal Rules of Evidence do apply in Hague Convention and ICARA actions, <u>Avendano v. Smith</u>, No. Civ. 11-0556 JB/CG, 2011 WL 3503330, at *2 (D.N.M. Aug. 1, 2011), albeit in a more "relaxed" fashion (<u>see</u> Dkt. #77, at 23; 28 U.S.C. §11605), given that Petitioner held eleven depositions in Italy, in which Respondent's counsel participated (Dkt. #79, at 19), it would be overkill to expect him to take an additional nine depositions for the declarants whose statements are at issue here.[3] Therefore, Exhibits 26-34 will be admissible in this bench trial, under FED. R. EVID. 803(21), but will be given somewhat lesser weight, in light of Respondent's inability to cross-examine the declarants.

Accordingly, Respondent's Motion to Exclude Certain Petitioner's Exhibits (Dkt. #106) is <u>denied</u>.

## II. CONCLUSION

For the reasons stated below, Respondent's Motion for Reconsideration of the Court's Decision on Petitioner's Oral Motion to Compel (Dkt. #102) is <u>granted such that Petitioner's Motion to Reconsider the underlying February 14th Ruling remains denied</u>, and Respondent's Motion to Exclude Certain Petitioner's Exhibits (Dkt. #106) is <u>denied</u>.

Dated at New Haven, Connecticut, this 21st day of March, 2012.

                                                    /s/ Joan G. Margolis, USMJ
                                                    Joan Glazer Margolis
                                                    United States Magistrate Judge

---

[3]None of these declarants was deposed.