<u>DEMAJ V. SAKAJ</u>, 09 CV 255 (JGM)

8/22/12 – ELECTRONIC ORDER GRANTING IN PART PETITIONER'S REQUEST FOR LEAVE TO TAKE THE DEPOSITION OF RESPONDENT FRIDA SAKAJ, FILED 8/17/12 (Dkt. #135) AND GRANTING IN PART RESPONDENT'S REQUEST FOR PROTECTIVE ORDER, FILED 8/20/12 (Dkt. #139).

The issues here have been more than adequately addressed. (Dkts. ##135, 137-39).

At the time Petitioner took Respondent's deposition on March 23, 2009, Respondent's primary defense was the "Grave Risk" defense, which was, at the time, the central issue in this litigation. (<u>See, e.g.</u>, Dkts. ##13[1]-16, 37, 44,[2] 45). As this case finally progressed toward trial (<u>see, e.g.</u>, Dkts. ##52, 55-57, 69, 72, 77, 79, 80-81, 83, 87, 89-91, 94), Respondent disclosed her reliance on three defenses – the "Well-Settled" Defense, the "Grave Risk of Physical or Psychological Harm Defense," and the "Mature Child" Defense – in her Pre-Trial Memorandum, filed 2/8/12. (Dkt. #77, at 14-21). Indeed, the testimony taken during the bench trial on February 16-17 and March 27, 2012 included evidence regarding all three defenses. (Dkts. ##96, 99, 101, 119-20).

The trial was suspended on March 28, 2012, as the parties pursued potential settlement. (Dkt. #121). This Magistrate Judge held a telephonic status conference on June 8, 2012, at which a continued trial schedule was established for September 5-10, 2012, if settlement discussions proved unproductive. (Dkts. ##122-24; <u>see also</u> Dkts. ##125-26, 133). On August 14, 2012, another telephonic status conference was held, at which the Court was advised that settlement had not been reached; the Magistrate Judge inquired if there was a mechanism by which the testimony of Dr. David Mantell, the court-appointed expert, could be postponed, in order to reduce, or eliminate, further expert costs borne by the Court (which have been substantial) in this case. (Dkts. ##127-29, 136). Subsequently, Respondent has withdrawn the "Grave Risk" defense. (Dkts. ##132-33, 140).

Petitioner now seeks to re-open the deposition of Respondent, so that a continued deposition can be held on August 24, 2012, just prior to the resumed trial on September 5, 2012. (Dkt. #135). In her brief in opposition, Respondent contends that Petitioner will have an opportunity to cross-examine her at trial, so that "another deposition is not a necessary element of discovery, [but rather] . . . is harassment." (Dkts. ##137 & 139, at 3). In his reply brief, Petitioner argues that Respondent had not asserted the "Well-Settled Defense" as of March 2009,[3] that defense may not be applicable here, and he will limit the deposition to four hours of actual testimony. (Dkt. #138, at 2-3).

In light of the shift in focus in this litigation from 2009 to the present, Petitioner <u>is</u> entitled to some limited discovery regarding Respondent's anticipated testimony at trial with

---

[1] In Respondent's Motion for Appointment of Counsel, for Psychological Evaluations and for Postponement of Hearing Date, filed March 26, 2009, she mentions the possible defenses of "Well Settled," "Mature Child," and "Grave Risk." (Dkt. #13, at 1-2).

[2] "Grave Risk" is the only defense addressed by Respondent in this brief, filed May 9, 2011. (Dkt. #44, at 1-2).

[3] <u>But see</u> note 1 <u>supra</u>.

respect to the "Well-Settled" Defense, and should not be left to hear such testimony for the first time when Respondent takes the witness stand.  Accordingly, Petitioner's Request for Leave to Take the Deposition of Respondent Frida Sakaj (Dkt. #135) and Respondent's Request for Protective Order (Dkt. #139) are <u>granted in part</u> as follows: (1) inquiry shall be limited to events occurring <u>after</u> Respondent's deposition on March 23, 2009;[4] (2) inquiry shall be limited to the "Well-Settled" Defense; and (3) the deposition will be limited to three hours of actual testimony.

---

[4] <u>See</u> Dkt. #135, at 2, n.1.