<u>DEMAJ V. SAKAJ</u>, 09 CV 255 (JGM)

8/23/12 – ELECTRONIC ORDER GRANTING IN PART PETITIONER'S MOTION TO QUASH, FILED 8/14/12 (Dkt. #130)

 The issues here have been more than adequately addressed.  (Dkts. ##130-31).

 The procedural history behind this highly acrimonious litigation is set forth in considerable detail in this Magistrate Judge's electronic endorsement, filed yesterday (Dkt. #141), familiarity with which is presumed.

 At issue here is Petitioner's Notice of Videotaped Telephonic Deposition, scheduled for August 27, 2012, of Andrea Bucciarelli, who is Petitioner's attorney in Italy.  (Dkt. #130).  From the attachments, it appears that the deposition originally had been scheduled for March 15, 2012, just prior to the resumption of trial on March 27, 2012.  (Dkts. ##119-20).  In this motion, Respondent argues that: (1) the deposition should have been held in the fall of 2011, when other depositions took place in Italy, or in March 2012; (2) Respondent's cross-examination will be "severely limited" when and if Attorney Bucciarelli asserts the attorney-client privilege; and (3) the deposition is "very late[,]" in that it will be held five business days before trial, without proper time for translation and transcription.  (Dkt. #130, at 2).

 Petitioner responded that: (1) the deposition was postponed in March 2012 when the parties were engaged in settlement discussions (<u>see</u> Dkt. #121); (2) Petitioner intends to question Bucciarelli about his conversations with third parties, not privileged conversations between Bucciarelli and Petitioner, and further, that the privilege is Petitioner's to waive if he so desires; and (3) either party is free to order an expedited transcript at their own expense prior to trial.  (Dkt. #131, at 1-3).

 The videotaped telephonic deposition will be permitted, but with the following limitations: (1) inquiry shall be limited to the "Well-Settled" Defense (<u>see</u> Dkt. #141); and (2) the deposition will be limited to three hours of actual testimony.